**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| PETER WILSON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSERTIVE CONSULTANTS LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Peter Wilson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. This case involves a campaign by Assertive Consultants LLC ("Defendant") to generate new customers for its car business through the use of telemarketing, despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

4. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Peter Wilson is an individual citizen and resident of this district.

7. Defendant is Florida limited liability company.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has specific personal jurisdiction over Defendant because it directed its conduct into this district, including by calling persons, like Plaintiff, residing in this district and having 216- area codes associated with this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial portion of the telemarketing conduct at issue was directed into this District, including to numbers bearing 216- area codes

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### A. The TCPA prohibits calls to numbers on the National Do Not Call Registry.

12. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

18. Plaintiff's telephone number, 216-XXX-XXXX, is a residential telephone line.

19. Plaintiff uses the telephone number for personal, residential, and household needs and reasons.

20. The number is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21. Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2007.

22. Plaintiff has never been a customer of Defendant and never consented to receive calls from Defendant.

23. Despite this fact, Plaintiff received multiple telemarketing calls from Defendant in October 2025.

24. On October 21, 2025, at approximately 3:49 p.m., Plaintiff received a call from telephone number 305-904-5279.

25. On October 30, 2025, at approximately 3:35 p.m., Plaintiff received another call from the same telephone number, 305-904-5279.

26. The calls were placed by or on behalf of Defendant Assertive Consultants LLC.

27. Defendant attempted to market goods and services to Plaintiff, specifically, overseas marketing and employment services.

28. The calls were made for the purpose of soliciting the aforementioned services and therefore constituted telemarketing.

29. Plaintiff received more than one telemarketing call within a twelve-month period.

30. Plaintiff never provided consent or requested the calls.

31. The aforementioned calls to Plaintiff were unwanted.

32. The calls were non-consensual encounters.

33. Plaintiff's privacy has been violated by the above-described telemarketing calls.

34. Plaintiff and all members of the class defined below have been harmed by Defendant's conduct because their privacy was violated and they were subjected to annoying and harassing calls that constitute a nuisance.

35. In addition, the calls occupied Plaintiff's telephone line, battery life, data, and storage space, rendering the telephone unavailable for legitimate communications, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

37. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

39. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

40. This Class Action Complaint seeks injunctive relief and money damages.

41. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

42. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Class.

43. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

44. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

46. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether multiple telemarketing calls were made promoting Defendant's goods or services to members of the Class;

(b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

48. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

50. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

51. Defendant violated the TCPA and the Regulations by having their employees and agents make two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

52. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

53. Plaintiff and National Do Not Call Registry Class members are each entitled to an award of treble damages if Defendant's actions are found to have been knowing or willful.

54. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the third parties that generate leads for Defendant from

advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: March 13, 2026

PLAINTIFF,
By his attorney

*/s/ Brian T. Giles*
Brian T. Giles (0072806)
GILES & HARPER, LLC
7247 Beechmont Ave.
Cincinnati, Ohio 45230
Telephone: (513) 379-2715
bgiles@gilesharper.com

Attorney for Plaintiff